# MILLER-SHOEMAKER REAL ESTATE COMPANY *v.* STURGEON.

---

EXECUTORS AND ADMINISTRATORS; GARNISHMENT.

1. The only condition precedent to the making by the administrator of a distribution of the proceeds of the estate of his decedent is that the legal debts against the estate shall have first been paid; and he can legally distribute the assets without an order of the court directing such distribution.

2. An administrator who has in his hands money resulting from a suit by him for damages against a railroad company for the alleged negligent killing of his wife may pay it over to himself, as the sole distributee, without obtaining an order of the probate court to do so; and, having done so, there are no funds in his hands, in fact or in contemplation of law, subject to attachment or garnishment on a judgment against him individually.

No. 1860.   Submitted April 15, 1908.   Decided May 5, 1908.

HEARING on an appeal by a judgment plaintiff from an order of the Supreme Court of the District of Columbia, overruling his motion for judgment of condemnation against a garnishee.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia overruling a motion for judgment of condemnation against the garnishee, Maurice S. Sturgeon, administrator, in attachment on judgment.

It appears that appellee, defendant below, was the husband of one Mabel C. Sturgeon, who was killed in a wreck on the Baltimore & Ohio Railroad. He was appointed administrator of her estate to settle a claim for damages against said railroad company. By agreement, and with the approval of the court, the claim was settled, the railroad company paying the sum of $3,800 in damages.

Plaintiff, the Miller-Shoemaker Real Estate Company, secured a judgment against the defendant on June 27, 1907, for $115.23. On the following day, it caused attachment interrogatories to be issued against the defendant as administrator of the estate of Mabel C. Sturgeon, deceased. Defendant filed his answed to the interrogatories, denying that he had anything in his possession, as administrator of said estate, due or owing to himself individually. The defendant, in his capacity as administrator, was brought into court and examined orally, where he admitted having collected, as administrator, the aforesaid sum from the Baltimore & Ohio Railroad Company, but stated that, on receipt of the money, he immediately turned it over to himself individually, as the sole beneficiary of the estate of his wife, and that he had used the money to pay his personal debts.

*Mr. Lloyd T. Everett* and *Mr. E. W. R. Ewing* for the appellant.

*Mr. Hayden Johnson* and *Mr. Thomas H. Patterson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The only question for our consideration is, whether or not the estate could be legally distributed without an order of court directing such distribution.    Section 373 of the Code [31 Stat. at L. 1249, chap. 854] provides: "When the debts of an intestate, exhibited and proved, or notified and not barred, shall have been discharged, or settled, or allowed to be retained for as herein directed, the administrator shall proceed to make distribution of the surplus."    It has been held, under similar statutes, that an executor or administrator may make distribution of the surplus in his hands, after discharging the debts of the estate, without waiting for an order of the probate court.    In *Donaldson* v. *Raborg,* 28 Md. 55, the court, construing a statute similar to the one here under consideration, said: "The law says, after debts are paid, 'the administrator shall proceed to make distribution' to the next of kin, and, in case the surplus consists of property *in specie,* and 'he cannot satisfy the parties,' he may have them summoned and distribution made under the court's direction, or the property ordered to be sold (Code, art. 93, sec. 138), and he may appoint a meeting of persons entitled to distributive shares, or legacies, or a residue, and make payment or distribution under the court's direction and control (Code, art. 93, sec. 143).    Ordinarily it would be safer for an administrator to pursue the course pointed out by this latter section, but there is no express command of the law that he should do so. The duty is cast upon him, in the first instance, to ascertain who the distributees and persons entitled are.    He administers the estate *in pais* (*Connor* v. *Ogle,* 4 Md. Ch. 450), and, if he pays the right parties their proper shares, he is protected, whether it is done under the sanction of the court or not; and it makes no difference whether such payments be made before or after the passing of an account, showing the balance for distribution. Such payments, where estates are solvent, are frequently made before such an account is passed; and in some cases an administrator will be compelled to make them."

The only condition precedent to the making of such distribu-

tion by an administrator is that the legal debts against the estate shall have been first paid and discharged. In the case at bar there were no debts that could be charged against the estate of Mabel C. Sturgeon. Section 1303 of the Code [31 Stat. at L. 1395, chap. 854], relating to damages recovered on account of injuries done or happening in the District of Columbia, where the death of the party shall be caused by the wrongful act, neglect or default of any person or corporation, provides that "the damages recovered in such action shall not be appropriated to the payment of the debts or liabilities of such deceased person, but shall inure to the benefit of his or her family, and be distributed according to the provisions of the statute of distribution in force in the said District of Columbia.

We are therefore of the opinion that the defendant had the legal authority to pay the amount recovered from the railroad company to himself as the sole heir and beneficiary of the estate of Mabel C. Sturgeon. Having done so, there were no funds in his hands, in fact or in contemplation of law, subject to garnishment at the time plaintiff caused its attachment proceeding to be instituted. The judgment is affirmed with costs, and it is so ordered.                                                          *Affirmed.*